UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-hc-2033-D

**Daniel Wayne Stark, Sr.**,

        Petitioner,

v.

**Justin Andrews**,

        Respondent.

**Memorandum & Recommendation**

      Petitioner Daniel Wayne Stark, Sr., proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. D.E. 1. He argues that the district court improperly applied a two–point enhancement to his sentence based upon his convictions under 18 U.S.C. §§ 1956 and 1957 because those statutes did not apply to the facts of his case. *See* Mem. Supp. at 3–7, D.E. 1-1. Alternatively, he asserts that, if those statutes did apply to his case, the court improperly "double–counted" by convicting him of those offenses and also using them to enhance his sentence. *Id.* In addition, he contends that he may proceed under § 2241 because the Supreme Court's order granting certiorari in *Persaud v. United States*, 134 S. Ct. 1023 (2014), permits him to use § 2255's savings clause to assert his claim that he is actually innocent of a sentencing enhancement. *Id.* at 5.

      After reviewing Stark's Petition, the undersigned recommends[1] that the court dismiss this action without prejudice because Stark failed to show that a motion under § 2255 is an inadequate or ineffective means of challenging his sentence.

---

[1] The court has referred this matter to the undersigned magistrate judge for entry of a Memorandum and Recommendation. 28 U.S.C. § 636(b).

1

## I. Background

On September 23, 2005, a jury in the United States District Court for the Southern District of Illinois found Stark guilty of the following offenses: (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); (2) conspiracy to possess and sell stolen motor vehicles in violation of 18 U.S.C. § 371; (3) possession of stolen property in violation of 18 U.S.C. § 2315; (4) possession and sale of stolen motor vehicles in violation of 18 U.S.C. § 2313; (5) conspiracy to engage in monetary transactions in criminally derived property in violation of 18 U.S.C. § 1956(h); and (6) engaging in a monetary transaction in criminally derived property in violation of 18 U.S.C. § 1957. *See United States v. Stark*, 507 F.3d 512, 514 (7th Cir. 2007). The district court sentenced Stark to a 292 month term of imprisonment. *United States v. Stark,* No. 3:03-cr-30190-SMY (S.D. Ill. Mar. 31, 2006). The Seventh Circuit affirmed Stark's conviction. *United States v. Stark*, 507 F.3d 512 (7th Cir. 2007).

On December 1, 2008, Stark filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Stark v. United States*, No. 3:08-cv-852-MJR (S.D. Ill. Dec. 1, 2008). Stark attacked his sentence based upon allegations that he received ineffective assistance of counsel. *See Stark v. United States*, No. 3:08-cv-852-MJR, slip op. at 5 (S.D. Ill. Nov. 23, 2010). The court dismissed and denied the § 2255 motion. *Id.* On December 14, 2010, the district court denied Stark's request for a certificate of appealability. *See Stark v. United States*, No. 3:08-cv-852-MJR, 2010 WL 5158136 (S.D. Ill. Dec. 14, 2010).

On February 13, 2015, Stark filed his § 2241 habeas petition in this court. The allegations in his petition are substantially similar to those contained in his initial § 2255 motion. Stark argues that he is factually innocent of the sentencing enhancement applied by the district court because the statutes the district court relied on did not apply to the facts of his case. He

argues in the alternative that if those statutes did apply to his case, it was double–counting to convict him of those offenses and also to use them to enhance his sentence. *See* Mem. Supp. Pet. 3–7.

## II. Section 2241 Petition.

Although Stark filed his petition under § 2241, he is attacking the legality, as opposed to the execution, of his sentence. Therefore, he must proceed under 28 U.S.C. § 2255 unless he can show that the remedy provided by that statute "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (*en banc*). Section 2255 is considered inadequate or ineffective when three conditions are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). If Stark cannot establish all three elements, then the court must dismiss his § 2241 petition for lack of jurisdiction. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

Stark does not directly address the *Jones* factors, but, instead, maintains that an order from the Supreme Court in *Persaud v. United States*, 134 S. Ct. 1023 (2014), establishes that § 2255 is inadequate or ineffective to challenge the legality of the sentence imposed by the district court. D.E. 1-1 at 8-17. In *Persaud*, the petitioner filed a § 2255 motion and argued that his two prior felony drug convictions no longer qualified as proper predicate felonies based on the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The district court denied the motion as a successive § 2255 motion and rejected his alternative argument that he

3

should be allowed to proceed under § 2241. *Persaud v. United States*, No. 3:12-cv-509-FDW, No. 3:01-cr-36-FDW-7, 2012 WL 5902557, at *2 (W.D.N.C. Nov. 26, 2012). The Fourth Circuit Court of Appeals affirmed district court's determination. *United States v. Persaud,* 517 F. App'x 137 (4th Cir. 2013).

On January 27, 2014, the Supreme Court granted certiorari, vacated the Fourth Circuit's judgment, and remanded the case to the Court of Appeals "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed on December 20, 2013." *Persaud v. United States*, 134 S. Ct. 1023 (2014). The Solicitor General maintained that Persaud should be allowed to pursue a § 2241 petition under § 2255(e), even though he was only challenging his sentence and not the underlying conviction. *See Persaud v. United States*, Brief for the United States, No. 13–6435, 2013 WL 7088877, at *22 (S.Ct. Dec. 20, 2013). The case was ultimately remanded to the district court and stayed pending a decision from the Fourth Circuit in *United States v. Surratt*, -- F.3d --, 2015 WL 4591677 (4th Cir. July 31, 2015), which presented the same issue. *Persaud v. United States*, No. 3:12-cv-00509 (W.D.N.C. Dec. 5, 2014) (text order).

Stark's argument fails for two reasons. First, the Supreme Court's decision in *Persaud* to grant certiorari, vacate the judgment, and remand the case for further consideration was not a decision on the merits. *United States v. Simmons*, 635 F.3d 140, 144 (4th Cir. 2011) ("At the outset, we note that when the Supreme Court grants certiorari, vacates an opinion, and remands for further consideration, it makes no determination on the merits of the underlying opinion."), *rev'd en banc on other grounds*, 649 F.3d 237 (4th Cir. 2011). The Supreme Court did not, as Stark claims, adopt the reasoning of the Solicitor General's brief and the views expressed in the Solicitor General's brief, on their own, do not have controlling authority in this case.

4

Second, and more importantly, since Supreme Court remanded *Persaud*, the Fourth Circuit reaffirmed its prior holdings that sentencing errors are not redressable under the savings clause and a petitioner is only eligible for relief under § 2241 if he can present a "genuine claim of actual innocence of the crime of conviction." *Surrat*, 2015 WL 4591677, *11. Stark's § 2241 Petition does not allege that he is actually innocent of the crimes he was convicted of, but, instead, challenges the sentence imposed by the court. Under *Surrat*, such allegations are insufficient to establish that relief through § 2255 is inadequate or ineffective. Therefore, Stark may not proceed under § 2241.

Additionally, the court is unable to convert Stark's § 2241 Petition into a motion under § 2255 because he has already sought relief under § 2255. D.E. 1 at 3. Stark may only pursue a second or successive habeas corpus petition if he receives permission from the appropriate United States Court of Appeals. 28 U.S.C. § 2255(h). Stark has not obtained permission to pursue a second or successive habeas petition. Therefore, in light of the fact that Stark cannot proceed under either § 2241 or § 2255, the undersigned recommends that the district court dismiss Stark's § 2241 Petition without prejudice.

### III. Conclusion

For the foregoing reasons, the undersigned recommends that the court dismiss Stark's habeas corpus petition (D.E. 1) without prejudice due to a lack of subject matter jurisdiction.

The Clerk is ordered to send a copy of this Memorandum and Recommendation to Stark. He shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the

Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If Stark does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, his failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: September 2, 2015

_____
Robert T. Numbers, II
United States Magistrate Judge